IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK HACKETT, #269405,
    Plaintiff        :

    v.        :    CIVIL ACTION NO. JFM-04-2130

WILLIE J. TAYLOR    :
KEITH RANDOLPH
ARNOLD JOHNSON    :
RODNEY MARSHALL
FRANK BROWN    :
    Defendants

**MEMORANDUM**

Now before the Court is a motion to dismiss or, in the alternative, motion for summary judgment filed on behalf of defendants. (Paper No. 17). The motion, which was filed in lieu of an answer, will be treated as a contested[1] motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [FRCP]. No hearing is needed to resolve the pending motion, pursuant to Local Rule 105.6. For reasons noted herein, the dispositive motion shall be denied, and this matter shall proceed to discovery in anticipation of trial.

It has long been established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists, however, if the

---

[1] Plaintiff's opposition motion, filed by counsel, has been docketed as Paper No. 28. Defendants' reply to the opposition motion has been docketed as Paper No. 29.

nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-323. Therefore, in the instant case, it is plaintiff's responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.[2] This he has done. Because these issues cannot be answered based upon the parties' current submissions to the Court, summary judgment cannot be granted at this time and shall be denied in an accompanying order. Furthermore, because amendment of the complaint, discovery, and a hearing may be needed, a separately-filed scheduling order shall follow.

May 19, 2005                                   /s/
(Date)                                         J. Frederick Motz
                                               United States District Judge

---

[2] Ordinarily, when correctional officers are accused of using excessive force in handling a prisoner, the "core judicial inquiry is...whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 3 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Factors which are pertinent to the inquiry include the extent of injuries suffered by the prisoner, the need for the application of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by prison staff, and any efforts on the part of staff to temper the severity of their response. *Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321. The Fourth Circuit Court of Appeals has cautioned that because "[m]ankind has devised some tortures that leave no lasting physical evidence of injury . . . courts should be wary of finding uses of force that inflict "merely" pain but not injury to be *de minimus*." *See Williams v. Benjamin*, 77 F. 3d 756, 762, n. 2 (4th Cir. 1996). Here, the parties sufficiently dispute: the need for force; whether the degree of force used was justified; and the extent of plaintiff's injuries.